# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRIUS DAJUAN COHEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1384-R |
| | ) | |
| JAMES YATES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On January 31, 2018, Judge Erwin issued a Report and Recommendation wherein he recommended the Court dismiss the petition as untimely. *See* 28 U.S.C. § 2244(d)(1). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner's conviction became final on March 6, 2014, ten days after his February 24, 2014 sentencing. As noted in the Report and Recommendation, without tolling his statute of limitations expired on March 6, 2015. Petitioner's first application for state post-conviction relief was not filed until June 27, 2016, after expiration of the § 2244 one-year limitations period, and therefore statutory tolling is not available to him. Thus, if he is to

proceed, Petitioner must establish that he is entitled to equitable tolling.[1]

Petitioner contends he is entitled to equitable tolling of the statute of limitations period because counsel abandoned him after sentencing on his guilty plea. Despite repeated efforts to contact counsel, counsel did not respond, and therefore Petitioner could not seek to withdraw his guilty plea or seek a direct appeal. Petitioner, however, does not explain the more than two-year delay between the alleged abandonment in March 2014 and his June 2016 petition for post-conviction relief.[2]

In his objection, Petitioner cites *McQuiggin v. Perkins*, 569 U.S. 383 (2013), for the proposition that he can use the cause and prejudice as a gateway to any procedural or limitations bar. In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* at 386.

> The standard for a gateway actual-innocence claim is "demanding," requiring "evidence of innocence so strong" that it undermines our confidence in Slinkard's conviction. *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316, 115 S.Ct. 851). That standard is even more demanding for a habeas applicant who, like Slinkard, pleads guilty to the crimes for which he stands convicted. *See, e.g., Johnson v. Medina*, 547 Fed.Appx. 880, 885 (10th Cir. 2013) (unpublished) (citing cases rejecting actual-innocence arguments asserted by habeas petitioners challenging convictions obtained through guilty pleas).

---

[1] Petitioner complains the Report and Recommendation does not address the merits of his petition. The Court, however, will not issue a substantive ruling on untimely claims, and therefore, Judge Erwin's decision to address the timeliness of the Petition first was entirely appropriate.

[2] Petitioner contends the Court must conduct an evidentiary hearing in light of the conflicting affidavits attached to his objection. Statements from his family indicate that counsel did not get in touch with Petitioner or respond to their inquiries regarding withdrawing his plea, and Mr. Blau indicates that no such instruction was ever given. The Court need not resolve the issue, because Petitioner waited more than two years before seeking relief in the District Court of Oklahoma County after he was allegedly abandoned by Mr. Blau. Petitioner is obligated to show both that extraordinary circumstances stood in his way and that he diligently pursued his habeas claims. He has established neither, because he could have pursued his remedies in state court much earlier than June 2016.

*Slinkard v. McCollum*, 675 Fed. Appx. 851, 855 n. 3 (10th Cir. Jan. 11, 2017). Petitioner fails to carry his heavy burden of showing that it is more likely than not that no reasonable juror would have convicted him, and further, actual innocence claims rely on "new" evidence. Petitioner points to no new evidence that would have undermined his plea. Petitioner fails to establish that this case is one of the rare cases that meets the demanding test for avoiding the statute of limitations period for filing a § 2254 motion.

For the reasons set forth herein, the Report and Recommendation wherein Judge Erwin recommended dismissal of the petition as untimely is HEREBY ADOPTED IN ITS ENTIRETY, this matter is dismissed, and judgment shall be entered in favor of the Respondent. Petitioner's Motion for An Evidentiary Hearing (Doc. No. 11) is DENIED as no such hearing is necessary. Finally, Petitioner's Motion for Appointment of Counsel (Doc. No. 10) is DENIED AS MOOT.

IT IS SO ORDERED this 26th day of March 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE